J-S43015-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| NAJAEA JONES | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| FOODS ON FIRST III, INC., D/B/A FOODS ON FIRST, FOODS ON FIRST VI, INC., D/B/A FOODS ON FIRST, MANUEL SALAZAR, AND ALDO SALAZAR | : | No. 177 EDA 2024 |
| | : | |
| Appellants | : | |

Appeal from the Judgment Entered June 6, 2024
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s): 210700825

BEFORE:  BOWES, J., STABILE, J., and KUNSELMAN, J.

MEMORANDUM BY BOWES, J.:                    **FILED MARCH 27, 2025**

Foods on First III, Inc., d/b/a Foods on First, Foods on First VI, Inc., d/b/a Foods on First, Manuel Salazar, and Aldo Salazar (collectively, "Defendants") have appealed from the judgment in favor of Najaea Jones ("Plaintiff") with respect to her employment discrimination claims.  For the reasons discussed below, we remand this matter to the trial court for entry of an opinion explaining the court's rationale for rejecting the issues raised by Defendants in their post-trial motion and again on appeal.

By way of background, Plaintiff initiated this action on July 13, 2021 by filing a complaint against Defendants, which as amended raised the following six counts pursuant to the Pennsylvania Human Relations Act ("PHRA") and the Philadelphia Fair Practices Ordinance ("PFPO"):  (1) *quid pro quo* sexual

harassment; (2) sexual harassment/hostile work environment; (3) sex discrimination; (4) retaliation; (5) race harassment/hostile work environment; and (6) race discrimination. The count for race discrimination was also filed pursuant to 42 U.S.C. § 1981.

Prior to trial, Defendants filed a motion for summary judgment. Therein, they contended, *inter alia*, that Plaintiff failed to exhaust her remedies with respect to the claims stemming from violations of the PFPO, the PHRA claims in the complaint were barred by the statute of limitations based upon the date Plaintiff received her right-to-sue letter from the PHRC, and she did not establish a *prima facie* case concerning her § 1981 race discrimination claim. The court did not dispose of the motion until the onset of the second day of a nonjury trial, when it denied the motion as moot and deemed the issues to be preserved for consideration after hearing the evidence.

Following the two-day bench trial, Plaintiff and Defendants submitted proposed findings of fact and conclusions of law to the trial court. With a one-page order entered several months later on November 29, 2023, the court adopted wholesale the proposed findings from Plaintiff and ordered judgment in her favor in the following amounts: back wages of $31,096, prejudgment interest of $2,177, compensatory damages of $50,000, and attorneys' fees and costs. Notably, the court's judgment order, which was taken from Plaintiff's proposed findings, did not specify which claims it found in Plaintiff's favor, nor did it allocate the damages to any specific counts or causes of action.

- 2 -

Defendants filed a post-trial motion raising a variety of issues, including the contention that the court did not expressly consider the legal issues raised in their motion for summary judgment. Defendants later timely appealed while the post-trial motion was pending, and the court thereafter denied the motion in a brief order without explanation as to its ruling.[1] Defendants were not required to submit a Pa.R.A.P. 1925(b) statement, and the record does not reflect that one was filed. The trial court then authored a two-sentence memorandum opinion stating that the reasons for its decision could be found in the November 29, 2023 order adopting Plaintiff's findings of fact and conclusions of law.

On appeal, Defendants have raised four issues, three of which by their nature require this Court to consider the exercise of the trial court's discretion. These include: (1) Defendant's objection to the admission of purported hearsay evidence at the bench trial, namely Plaintiff's handwritten notes memorializing her hours worked for Defendants; (2) several challenges to the weight of the evidence supporting the judgment, including an assertion that Plaintiff admitted to intervening causes with respect to the awarded damages, and (3) averments of arbitrariness and lack of justification as to the trial

---

[1] Following a rule to show issued by this Court against Defendants, the trial court entered judgment on the verdict on June 6, 2024. We therefore discharged the rule.

court's order.[2]  ***See*** Defendants' definitive brief at 18-31.  All these claims are reviewed for an abuse of the trial court's discretion.  ***See Viall v. Garvin***, 318 A.3d 905, 922 (Pa.Super. 2024) (noting that "[t]he admissibility of evidence is within the sound discretion of the trial court, which appellate courts will not disturb absent an abuse of discretion or error of law"); ***Thorson v. EDDW, LLC***, 309 A.3d 141, 147 (Pa.Super. 2024) (discussing that the weight of evidence is within "the province of the fact-finder" and weight determinations will be upheld "unless the appellant can show that the trial court's determination was manifestly erroneous, arbitrary and capricious, or flagrantly contrary to the evidence"); ***Jacks Auto Parts Sales, Inc. v. MJ Auto Body and Repair LLC***, 305 A.3d 162, 166 (Pa.Super. 2023) ("An abuse of discretion occurs when a trial court, in reaching its conclusions, overrides or misapplies the law, or exercises judgment which is manifestly unreasonable, or the result of partiality, prejudice, bias or ill will." (citation omitted)).

---

[2] Defendants' remaining issue concerns the trial court's failure to explicitly address the merits of the claims presented in their motion for summary judgment and re-raised in their proposed findings and post-trial motion.  As recounted above, those questions involve the exhaustion of administrative remedies, applicability of the statute of limitations, and whether Plaintiff established a *prima facie* case as to the § 1981 claim.  ***See*** Defendants' Motion for Post-Trial Relief, 12/24/23, at ¶¶ 12-16.  Since those each present a question of law, our standard of review is *de novo*, and thus we could address them based on the current record.  ***See***, ***e.g.***, ***Constantine v. Lenox Instrument Company, Inc.***, 323 A.3d 1281, 1287 (Pa.Super. 2024).  However, we expressly do not do so at this time so as to avoid piecemeal resolution of this appeal.

This Court has recently reiterated the importance of Rule 1925 in our appellate procedure: "Rule 1925 is intended to aid trial judges in identifying and focusing upon those issues that the parties plan to raise on appeal. Rule 1925 is thus a crucial component of appellate process." **McGee v. McDowell**, ___ A.3d ___, 2025 WL 682787 at *8 (Pa.Super. 2024) (citation omitted). Further, the court's opinion required by the rule "gives the appellate court a reasoned basis for the trial court's disposition of the challenged orders." **Id**. Finally, "[n]ormally, a trial judge may not simply defer to earlier rulings or decline to address an issue, as this would defeat the purpose of ensuring thorough consideration of the issues at the trial court level." **Id**. (citation omitted).

Based on our review, it does not appear that the trial court has provided any analysis concerning these questions raised by Defendants, either in writing or otherwise of record, despite their being asserted in Defendants' post-trial motion. Rather, the court merely adopted Plaintiff's proposed findings of fact and conclusions of law, which do not speak to the admission of hearsay or provide an explicit rationale for seemingly allocating no weight to Plaintiff's purported admission to intervening causes relating to damages. Without the benefit of an opinion analyzing these issues, we cannot ascertain the court's exercise of discretion, and our review is therefore hindered. Further, since the court did not opine as to the legal issues initially presented in Defendants' motion for summary judgment and summarily disposed of after trial, we lack a "reasoned basis" for the court's disposition of those claims,

and we cannot ensure the court's "thorough consideration of th[ose] issues." *Id*.

Accordingly, we deem it appropriate to remand this matter with instruction that the trial court provide in writing its rationale for dismissing all the claims raised in Defendants' post-trial motion. The trial court shall file its opinion within sixty days of receipt of the certified record.

Case remanded with instructions. Panel jurisdiction retained.